AMELIA JUDICE, Widow, etc. *v.* MARIE V. PROVOST et al.

Courts will not permit an injustice to be done the owner by the usufructuary, in his abandoning arbitrarily that part of the property subject to usufruct, which might be heavily burdened with charges or repairs, or which he might so consider, and retain that which was profitable, unless the law imperatively required Courts to sustain the usufructuary in such a course.

If the usufructuary desires to be relieved from the repairs and charges imposed on him as usufructuary, he must renounce the usufruct on the whole, not on a part, of property subject to right of usufruct. Civil Code, 569.

Plaintiffs have no right to force defendants into a multiplicity of suits, in the division of the property belonging to the community.

APPEAL from the District Court, Parish of St. Mary, *Simon, J. A. De Blanc* and *F. Fuselier*, for appellant.

The facts are stated in the opinion of the Court.

HYMAN, C. J.   Philemon Provost and plaintiff, who were husband and wife, acquired during their marriage community property.

Philemon Provost died, and plaintiff accepted the usufruct of his part of the undivided community property.

Subsequently, she made a declaration that she relinquished the usufruct on a part of the property (some land), and asked the Court to cause this part to be partitioned between her and the deceased husband's heirs, the defendants.

Defendants asked that the whole, not a part, of the community property be returned to be divided, or that her demand be rejected.

The District Judge rendered judgment rejecting her demand, and she has appealed.

There are certain repairs to be made on property subject to usufruct, by the usufructuary.   There are also certain charges on the property which is to be paid by him.   C. C. 564, 565, 572.

And these repairs and charges are often greater on one kind of property than on another.

We could not permit an injustice to be done the owner by the usufructuary, in his abandoning arbitrarily that part of the property subject to usufruct, which might be heavily burdened with charges or repairs, or which he might so consider, and retain that which was profitable, unless the law imperatively required Courts to sustain the usufructuary in such a course.

If the usufructuary desires to be relieved from the repairs and charges imposed on him as usufructuary, he must renounce the usufruct on the whole, not on a part, of property subject to right of usufruct. Civil Code, 569.

Plaintiff had no right to force defendants into a multiplicity of suits,

56

in the division of the property belonging to the community. She had no better right to demand a division of a part of this community property, and hold another part in indivision with the heirs, than she had to renounce in part and retain in part her rights as usufructuary.

Judgment of the District Court affirmed.

The plaintiff to pay the costs of this appeal.