HUDSON M. KNAPP, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6143, 10794.    Promulgated December 10, 1926.

Where the wife of a member of a partnership in Louisiana dies intestate leaving minor children surviving her the issue of her marriage with the member of the partnership, and such partner informs his partner that it is his wish and desire that his share in the profits of the partnership should thereafter· go one-half to

himself and one-half to his two minor children, *held*, that, in the circumstances in this case, the partner is liable to income tax upon his entire share of the profits of the partnership.

*Victor Canfield, C. P. A.*, for the petitioner.
*Henry Ravenel, Esq.*, for the respondent.

These are proceedings for the redetermination of deficiencies in income tax for the years 1921 and 1922 in the aggregate amount of $325.70, and for the year 1923 in the amount of $688.22. The proceedings were consolidated for the purpose of hearing and decision. Only one issue is involved, namely, whether the petitioner is liable to income tax in respect of a portion of the profits of the share of the partnership which he desired to go to his minor children.

### FINDINGS OF FACT.

The petitioner is a resident of Lake Charles, La., and a member of the partnership of Knapp & East. The partnership was organized January 1, 1912, and is engaged in the general contracting business in Lake Charles. The petitioner had a 50 per cent interest in the partnership, which was community property under the provisions of the statutes of Louisiana. Petitioner's wife died intestate June 29, 1921, leaving as survivors her husband, the petitioner, and two infant children, of the age of one month and five years, respectively, both issue of her marriage to the petitioner.

Subsequent to his wife's death, the petitioner was appointed tutor for the children. An appraisal was made of the children's estate, which appraisal shows as part of their estate, "An undivided one-fourth interest in the ordinary partnership of Knapp & East, general contractors, consisting of cash, accounts, equipment, materials, etc., appraised at its net value after deducting all liabilities, $10,094.25." The recapitulation of the inventory shows:

| | |
|---|---|
| Real estate belonging jointly to said minors | $3,750.00 |
| Personal property belonging jointly to said minors | 14,594.25 |
| Personal property belonging to Hogan Heitmond Knapp [the elder minor] | 1,874.42 |
| Total inventory | 20,218.67 |

After his wife's death, the petitioner notified his partners, the partnership bookkeeper, and also other individuals, that it was his wish and his desire that his 50 per cent share of the profits of the partnership should thereafter go one-half to himself and one-half to his two minor children.

During the entire continuance of the partnership, each partner had withdrawn only such amounts as were necessary for living expenses.

No change was made in this regard after the death of the wife of the petitioner.

No separate account for the minor children was ever set up on the partnership books. No entries were made in the partnership books evidencing any change in the partnership relationships. No income was ever drawn from the partnership on account of the minor children. The petitioner continued to pay all of the expenses of the minor children out of his own funds. No accounting of any portion of the partnership earnings in favor of the children has ever been made by the petitioner as tutor.

In the years 1921, 1922, and 1923, the petitioner reported in his income-tax returns only one-fourth of the earnings of the partnership. The Commissioner has amended the petitioner's income-tax returns by including in gross income one-half of the income of the partnership for each year. The total deficiencies in income-tax herein result from such amendment of the petitioner's returns.

OPINION.

SMITH: Petitioner was appointed natural tutor to his two minor children upon the death of their mother June 29, 1921. As such tutor he was required by the statutes of Louisiana to administer the property of his wards for their benefit. Included among such property was an undivided one-fourth interest in the partnership of Knapp & East of a value of $10,094.25. The petitioner chose to leave this money invested in the partnership and indicated to his partner and others that it was his wish and desire that his share of the profits of the partnership should thereafter be divided equally between himself and his two minor children. In his income-tax returns for the years involved in this proceeding the petitioner accounted for one-half of his 50 per cent share of the profits of the partnership and filed returns as fiduciary accounting for the balance of his share of the profits. It is the petitioner's contention that he is not liable to income tax with respect to the share of the profits of the partnership which he desired should go to his children.

The petitioner does not contend that his minor children became members of the partnership of Knapp & East. It is his contention, however, that, by virtue of the statutes of Louisiana and of his alleged renunciation of his right of usufruct in the property of his children, he is not liable to income tax in respect of one-half of the profits of the partnership credited to him upon the partnership's books.

The right of usufruct from property of a deceased wife accrues to the husband immediately upon the death of the wife. (Louisiana Laws, Act of March 25, 1844.) The usufructuary may at any time

renounce his usufruct. *Succession of Dougart*, 30 La. 268. Article 555 of the Revised Civil Code of Louisiana (Merrick, 3d ed.) provides:

*Alienation of Usufructuary Rights.* The usufructuary may enjoy by himself or lease to another, or even sell or give away his right; but all the contracts or agreements which he makes in this respect, whatever duration he may have intended to give them, cease of right at the expiration of the usufruct.

Article 624 provides:

*Renunciation by Usufructuary; His Creditors' Opposition to.* The creditors of the usufructuary can cause to be annulled any renunciation which he may have made of his right to their prejudice, whether it be accompanied with fraud or not, and they are permitted to exercise all the rights of their debtor in this respect.

In all cases the renunciation of the usufructuary can not be inferred from circumstances; it must be express.

In the case of *Judice* v. *Provost*, 18 La. Ann. 601, it was held that a usufructuary could not abandon part of the usufruct without abandoning all of it. It was there stated that:

If the usufructuary desires to be relieved from the repairs and charges imposed on him as usufructuary, he must renounce the usufruct as a whole and not in part of the property subject to right of usufruct.

The evidence of renunciation of the petitioner's right to usufruct with respect to the property belonging to his minor children is not conclusive. Although the minor children inherited other property than the one-fourth interest in the partnership assets, there is no evidence that the petitioner renounced or intended to renounce his right of usufruct with respect to the other property. As tutor he had the administration of the entire property. So far as the evidence shows the partnership carried on business after the death of the petitioner's wife the same as it had done before. The books of account do not reflect any part of the profits of the partnership as being accumulated or belonging to the minor children.

The petitioner apparently did not comply with the provisions of law of the State of Louisiana with respect to the administration of the property of his wards. Article 347 R. C. C. provides:

The tutor shall be bound to invest in the name of the minor, the revenues which exceed the expenses of his ward, whenever they amount to five hundred dollars. In default thereof, he shall be bound to pay on such excess the rate of interest allowed by law.

Article 348 R. C. C. provides in part:

The investment of the funds of the minor must be made by public act and secured by mortgage, unless such investment be made in the bonds of the United States of America, or in bonds of the State of Louisiana, or in bonds for the payment of which the faith of the State of Louisiana stands pledged;

and this investment in bonds shall only be made under a decree of the court having jurisdiction over the tutorship, nor shall such investment be changed or the bonds alienated, except by a decree of the same court.

The petitioner made no accounting to the court as tutor of his minor children.

In his brief, counsel for the petitioner states:

It is immaterial whether a segregation of income due the children is set up on the books showing their individual or collective interests, because they do not receive such income as persons, but as income through a fiduciary, who is the taxpayer, and as a matter of convenience accounts have not been opened to show any change in division of profits.

In our opinion the evidence does not warrant a conclusion that the petitioner received a portion of his partnership profits as a fiduciary. He had both the legal and the equitable title to those profits. The taxing statute provides:

That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year. * * * (Section 218(a), Revenue Act of 1921.)

It is immaterial what the petitioner did with his share of the partnership profits after they had been received by him. *Appeal of Ormsby McKnight Mitchel*, 1 B. T. A. 143; *Ormsby McKnight Mitchel* v. *Bowers*, 15 Fed. (2d), 287.

> *Judgment will be entered for the Commissioner on 15 days' notice, under Rule 50.*

GREEN not participating.