GUIDRY, Judge.
This matter is a sequel to Pasternack v. Samuels, 406 So.2d 290 (La.App. 3rd Cir.1981), writ granted, 411 So.2d 453 (La.1982); Pasternack v. Samuels, 415 So.2d 211 (La.1982); and, Succession of Pasternack, 484 So.2d 305 (La.App. 3rd Cir.1986), writ denied, 487 So.2d 443 (La.1986). In Pasternack v. Samuels, supra, Joseph Pasternack, Jr., owner of an undivided interest in some 70 parcels of land sought a partition by licitation of such properties, which were owned as follows:
Betty Pasternack Samuels ... ¼⅛ interest in full ownership together with a usufruct over the ¼⅛ interest held in trust for the Samuels’ children.
Samuels Children’s Trust ... ½⅛ interest subject to the usufruct of Betty Pasternack Samuels.
Joseph Pasternack Jr.¼⅛ interest in full ownership.
Joseph Pasternack III Trust . Vith interest in full ownership.
In Pasternack v. Samuels, supra, Joseph Pasternack’s demand for a partition was rejected, the Court of Appeal and Supreme Court concluding that Joseph Pasternack, as full owner of an undivided interest in property which was subject to the usufruct of Mrs. Samuels, was prohibited by La.C.C. art. 543 from demanding a partition of the property by licitation. Following our decision in Pasternack and the Supreme Court’s affirmance thereof, the legislature by Act 535 of 1983 amended La.C.C. art. 543 so as to permit a partition in kind or by licitation upon demand of a person having a share in full ownership, even though there may be other shares in naked ownership and usufruct. Following the legislative amendment of this article, Joseph Pasternack, Jr. again instituted a suit for partition of the 70 parcels of property. His demand was again rejected in Succession of Pasternack, supra, with this court concluding that the 1983 revision of La.C.C. art. 543 was not applicable retroactively.
On September 29, 1986, Betty Paster-nack Samuels, by an authentic act, expressly waived and renounced her usufruct on seven parcels of property situated in the Town of Ferriday and thereafter, individually and on behalf of the Samuels trust, instituted this suit for a partition by licitation of said properties. Defendants, Joseph Pasternack and the Joseph Paster-nack trust, answered and reconvened seeking a partition by licitation of all properties owned by the parties in indivisión.
At the trial of this matter defendants, in support of their reconventional demand, urged that the attempted renunciation by Betty Pasternack Samuels of her usufruct on seven parcels of property only constituted a renunciation and abandonment of her usufruct over all properties.[1] The trial court concluded otherwise, rejected defendants’ reconventional demand and this appeal followed.
*307 In deciding as he did, the learned trial judge concluded that a usufruct over many properties is divisible such that a usufructuary may waive, renounce or sell his rights on certain parcels of property, while retaining his usufruct over the remaining properties. The trial court rejected appellants’ contention that, even if divisible, Betty P. Samuels’ partial renunciation of her usufruct, without prior court approval, constituted an abandonment of her entire usufruct under the provisions of La.C.C. art. 582.
On appeal, appellants reiterate these same contentions urging error in the trial court’s conclusions in regard thereto. We affirm.
We agree with the trial court that the usufruct bequeathed to Betty Pasternack Samuels by her mother over some 70 parcels of property is divisible.
Louisiana Civil Code art. 541 states:
“Usufruct is susceptible to division, because its purpose is the enjoyment of advantages that are themselves divisible. It may be conferred on several persons in divided or undivided shares, and it may be partitioned among the usufructu-aries.”
Based on this article, the late Mrs. Paster-nack clearly could have established a usu-fruct on certain tracts as well as bequeathing other tracts in full ownership. Louisiana Civil Code art. 567 specifically gives a usufructuary the right to lease, alienate or encumber his right. The article does not prohibit the usufructuary from dividing the usufruct when leasing,' alienating or encumbering it. Since the usufruct would have been divisible at the time it was bequeathed and since there is no codal prohibition against the usufructuary dividing it, we conclude that Mrs. Samuels’ usufruct is divisible.
We next consider whether Mrs. Samuels’ act of dividing the usufruct, i.e., her renunciation and her actions referred to in footnote 1, without prior court approval resulted in an abandonment of the entire usufruct. Defendant argues that it does under Civil Code articles 626 and 582. Article 626 states that “[a] usufruct terminates by an express written renunciation ... ”. The comments under Article 626 suggest that it should be interpreted in conjunction with Article 582.[2] Article 582 reads as follows:
“The usufructuary may release himself from the obligation to make repairs by abandoning the usufruct or, with the approval of the court, a portion thereof, even if the owner has instituted suit to compel him to make repairs or bear the expenses of them, and even if the usu-fructuary has been cast in judgment.
He may not release himself from the charges of the enjoyment during the period of his possession, nor from accountability for the damages that he, or persons for whom he is responsible, may have caused.”
The source of this article is Article 575 of the Code of 1870 which was copied from Article 569 of the Code of 1825. The comments under Article 582 state that it did not change the law.
Defendant relies on Judice v. Provost, 18 La.Ann. 601 (La.1866), which is cited in the comments to Articles 582 and 626. In Judice, plaintiff had a usufruct over her deceased husband’s undivided one-half of the community property. She renounced a portion of the usufruct and sued for a partition by licitation of that portion. The court rejected her demand stating:
“We could not permit an injustice to be done the owner by the usufructuary, in his abandoning arbitrarily that part of the property subject to usufruct, which might be heavily burdened with charges or repairs, or which he might so consider, and retain that which was profitable, unless the law imperatively required Courts to sustain the usufructuary in such a course.
If the usufructuary desires to be relieved from the repairs and charges imposed on him as usufructuary, he must *308 renounce the usufruct on the whole, not on a part, of property subject to right of usufruct. Civil Code, 569.”
Id. at 607.
We find this article, as interpreted in Judice, inapplicable under the circumstances of this case. This is not a situation where a naked owner is prejudiced by a usufruc-tary’s partial renunciation of a burdensome usufruct. We agree with the trial court’s conclusion that:
“... Article 582 of the Louisiana Civil Code has no application in the instant case. The rights set forth in Article 582 are for the benefit of the naked owner and/or usufructuary and not for the benefit of a co-owner in full ownership who would have the same responsibilities as a usufructuary in maintaining property except that an owner in full ownership obviously would have no accountability to anyone for the damage or ruin to property he owns. Regardless of the actions of a usufructuary and/or naked owner, the position of the co-owner in full ownership is not changed to his detriment.”
Article 582 is designed to remedy a specific problem. We find no evidence in the record, nor any allegation that the seven parcels of land involved in this suit or the other parcels sold to the Easoms were any more burdensome or less profitable than the rest of the properties. Even if such were the case, the article, as applied to this situation, would be to protect the naked owner, i.e., the trust for the Samuels children. The Trustee, Harold Samuels, has unconditionally accepted the renunciation. In addition, there is no evidence of Mrs. Samuels’ intention to abandon her usufruct on any property other than the seven parcels here involved and the parcels sold to the Easoms. In fact, the evidence is contrary given that in each renunciation, Mrs. Samuels stipulated that her renunciation was only to apply to the specific property described in the document.
Finally, the defendant claims that by filing suit to partition the seven parcels prior to renouncing her usufruct (see footnote 1), she impliedly abandoned her entire usu-fruct. For the reasons above set forth, we find no merit in this contention.
We recognize that our decision in this matter may result in the Joseph Paster-nacks being subjected to a multiplicity of suits which our law abhors. However, to decide otherwise would require us to ignore the provisions of La.C.C. art. 543, prior to its 1983 revision, as interpreted in the earlier Pasternack cases, or conclude, in obvious disregard of codal provisions to the contrary, that a usufruct is not divisible. This we decline to do observing that the 1983 amendment to Article 543 will prevent a similar result in the future.
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed against the defendant, Joseph Pasternack, individually and as owner in Trust and Trustee for the benefit of Joseph Pasternack III.
AFFIRMED.

. Defendants-plaintiffs-in-reconvention also rely upon the following as evidencing a renunciation and abandonment by Betty Pasternack Samuels of her usufruct over all properties: (1) A sale by Betty P. Samuels, individually and on behalf of the Samuels trust, of their interest in two parcels of property to Mack and Sadie Easom on November 5, 1985; and, (2) the institution of suit by plaintiffs for a partition by licitation of the same seven parcels of property here involved by petition filed August 18, 1986, which suit was later dismissed without prejudice on plaintiffs’ motion.

. “(c) ... Article 626 must be interpreted in combination with Article 582; hence, the usu-fructuary may renounce the whole of the usu-fruct unilaterally or a part thereof with the approval of the court.” Louisiana Civil Code Article 626, Comment (c) (West 1989).