BREAUX, J.
Two of the heirs of the late Owen Glancey brought this suit against Mrs. Margaret Glancey, their mother, and against their brother and sisters, and ask that their mother render an account of revenues collected on property of the succession of their late father; that she be condemned for the value of perishable property which has disappeared because of her negligence; and they also ask for a partition of the property by licitation.
*431 The defendants controvert this * demand, and. particularly object to a partition of the property, on the ground that Mrs. Glancey, survivor in community, is entitled to the benefit of Act No. 152, p. 90, of 1844, relating to the community, and that, in consequence, they are not entitled to a partition during the life of the usufruct.
We take up the last question first for decision. This inverse order is adopted in deciding the questions involved because the other issues pale into insignificance as compared with the last question stated.
Mrs. Glancey is the owner of half of the property, and the other half is owned by her children,-subject to her usufruct.
The nature of the right of usufruct changes ownership from perfect to imperfect.
It is nonetheless a distinct right from the usufruct, and cannot stand in the way of partition of the property, unless there is a provision of law to that end.
True, article 1289, Oiv. Code, is sweeping in its scope. “No one can be compelled to hold property with another.”
But there are exceptions; few, it is true, nonetheless there are exceptions. For instance, the testator can order that the property he bequeathes be not divided for a certain time; and the father, or other ascendant, may order by his will “that no partition be made among his minor children or grandchildren, during their minority,” and this order must be followed until one of the children becomes of age and demands a partition. Civ. Code, art. 1301.
These are exceptions clearly laid down. There is no other exception, unless it be found in the statute Act No. 152, p. 99, of 1844, to which we have referred supra, and which directs “that in all eases when the predeceased husband or wife shall have left issue of the marriage with the survivor and shall not have disposed by last will and testament of his or her share in the community property, the survivor shall hold in usufruct during his or her natural life so much of the share of the deceased 'in said community property as may be inherited by such issue,” subject to the conditions expressed in the-proviso of the act.
Evidently the law is mandatory; the usufruct shall have the full enjoyment of the right.
If the property were sold to effect a partition by Imitation, the widow’s share in the community would have to be sold, and she would remain with the empty right of usufruct on the remaining half. The purpose of the statute would be frustrated.
The statutory usufruct necessarily affects the value of the property.
It is not probable that any one would seek to buy property thus burdened. One of the coheirs, owning a limited fractional portion, as compared to the remainder owned by his coheir, should not have the right to insist upon a sale and compel a loss to which in all fairness the coheirs should not be subjected.
The property of the community is earned by the common industry of husband and wife, and in order to protect the survivor the legislature has chosen to offer the survivor the opportunity to enjoy the fruits of the community.
The term in which the right is conveyed precludes any other inference except that it is to be a real enjoyment of the possession of the property and of its fruits, and that it was not secured in order that it might be a source of discord, broils, and strife, as it would be if a partition by licitation could be forced upon the unwilling heirs.
Under the French system it is said that there is no exception; that the property must be divided, be the loss whatever it may. While this is in the main true, we have found citation in Fuzier-Herman going far toward sustaining the proposition that the rule is not absolutely without exception even under that system.
See notes under article 815 of the Code Na *433 poleon. Although the facts are not entirely similar to the one here, one of the decisions referred to and one of the syllabi under this article affords some ground in support of our view. The husband in the case referred to bequeathed to his wife the usufruct of his immovable property, with the right to fell trees thereon and demolish buildings, as she might see proper. He left only collateral heirs. The wish of all the heirs except one was to let the property remain in indivision while the widow lived, in view of the impossibility during the usufruct (as in the case here) to fix the real value of the property because of the right to fell the trees, and the possible depreciation and loss, as in our case. The court sustained the heirs, and, in addition, held that the demand for a partition was premature; that heirs themselves had the right to defer partition for a limited time; that the demand for a partition was irreconcilable with the need not to sacrifice the property; that the will of one heir was against the interest of all the other heirs. Circumstances might change, and render it proper to consolidate the usufruct and the property into one. Ledru-Rollin Reports, Journal du Palais, Delacour Case, Cour Impelíale de Paris (31 aout) 1813, p. 687.
We do not attach great importance to this decision, and refer to it only because it presents at least an instance in French jurisprudence in which the court deemed that it was best not to let the property be sacrificed.
The lawmaking power did not intend to, nor did it, enact a statute to compel the sacrifice of property. i
That which the community acquires by its industry and economy should not be exposed to loss and destruction of value, which a premature partition by lieitation would occasion.
Moreover, it would have a tendency to disunite families, and bring on dissension where harmony and union, when they exist, are so charming and attractive.
The survivor should not he exposed to the troubles to which such a partition would inevitably lead. The remaining mother or father have rights under this statute which we do not think we should curtail by interpretation adverse to the intention it manifests.
The terms of the will of the late Owen Glancey have destroyed the usufruct is another contention of plaintiff.
The will bequeathed only movable property of small value, and did not include within its terms the property on which the survivor has the usufruct. Moreover, the scant advantage this will affords to one of the heirs has been renounced in order that the slight advantage the testator contemplated for this heir might not prejudice her mother as usufructuary.
The survivor loses the usufruct only to the extent that property has been disposed adversely to him or her. Succession of Moore, 40 La. Ann. 541, 4 South. 460.
The revenues claimed are not sustained by proof is another ground urged by the two heirs who sued as before mentioned. Returning to the impolicy and illegality of selling the property to effect a partition, we note that our Brother of the district court has prepared an elaborate opinion. He, in substance, has said with clearness and force, as relates to the heir’s sale of his expectancy, that he is at liberty to sell it without interference, but that the right of usufruct should remain intact; that when the property is divisible in kind it may be divided so that at the expiration of the usufruct each may take possession of that which may be allotted to him at the partition. The succession remains. The buyer succeeds as an heir, and in the case of partition the shares are only allotted, and not taken; but that the sale by lieitation goes beyond this, as it would compel the other heirs to sell their succession right, and it bears no resemblance to a partition. These views are conservative, and in the interest of the family, which stands for so much that is good and truly noble.
*435 For reasons assigned, the judgment appealed from is affirmed.
See dissenting opinion of PROVOSTY, J., 36 South. 484.