415 So.2d 211 (1982)
Joseph PASTERNACK, Jr.
v.
Mrs. Betty Claire Pasternack SAMUELS, et al.
No. 81-C-3032.
Supreme Court of Louisiana.
May 17, 1982.
Rehearing Denied July 2, 1982.
*212 DeWitt T. Methvin, Jr., of Gist, Methvin, Hughes & Munsterman, Alexandria, for plaintiff-applicant.
Dan E. Melichar, Alexandria, James H. Brown, Jr., New Orleans, for defendants-respondents.
MARCUS, Justice.
Joseph Pasternack, Jr., owner of an undivided interest in each of 70 parcels of land, instituted this action against his sister, Betty Claire Pasternack Samuels, individually and as co-executor of the succession of their mother, which was then under administration, seeking partition by licitation of said property.
Two parcels of the land were purchased in indivision by Mr. Pasternack and Mrs. Samuels from their father (Joseph Pasternack). Several of the other parcels were also acquired by purchase. The remaining parcels of land were acquired by inheritance as follows. Their father died leaving his interest in the property to Mr. Pasternack and Mrs. Samuels subject to a usufruct in favor of their mother, Agatha Pasternack. Agatha Pasternack owned the remaining interest in the property. Subsequently, she died testate leaving one-half of her interest in the property in trust to Mr. Pasternack's son and the other half in trust to Mrs. Samuels' children, subject to a usufruct in favor of Mrs. Samuels. Mr. Pasternack and Mrs. Samuels were the co-executors of their mother's succession.
In his petition, Mr. Pasternack alleged that since the property consisted of "numerous diverse and unequal parcels or tracts of land some of which are improved," they could only be partitioned by licitation. Mrs. Samuels' exceptions of no cause of action, prematurity and nonjoinder of indispensable parties were overruled by the trial court. Thereafter, Mrs. Samuels answered denying that the property could be partitioned by licitation since a portion of the property was subject to a usufruct in her favor and the law prohibited partition by licitation of property burdened in whole or in part by a usufruct. Alternatively, she asserted that the property could be partitioned in kind.
The trial court, finding that the 70 parcels of land were owned one-fourth each by Mr. Pasternack, Mrs. Samuels, the trust for Mr. Pasternack's son, and the trust for Mrs. Samuels' children, subject to usufruct of Mrs. Samuels,[1] ordered the property divided into four portions of equal value. Thereafter, each ownership interest would draw one portion by lot. The trial judge noted that his "ruling and my manner of partitioning the property may seem rather unorthodox." Mr. Pasternack appealed.
The court of appeal, after examining the evidence in the record, concluded that none of the property could be partitioned in kind and since the property, other than the two parcels of land purchased by Mr. Pasternack and Mrs. Samuels in indivision from *213 their father, was subject to the usufruct of Mrs. Samuels, a partition by licitation was prohibited by La.Civ.Code art. 543. Hence, the judgment of the trial court ordering partition of the property was reversed. However, the court of appeal amended the judgment of the trial court by ordering partition by licitation of the two parcels of land held in indivision by Mr. Pasternack and Mrs. Samuels.[2] On Mr. Pasternack's application, we granted certiorari to review the correctness of that judgment.[3]
The sole issue presented for our determination is whether the owner of an undivided interest in full ownership of property subject to an outstanding usufruct may demand partition by licitation.
No one can be compelled to hold property with another; a division of a thing held in common may be demanded by the action of partition. La.Civ.Code arts. 1289 and 1308. A usufruct conferred on several persons in divided or undivided shares may be partitioned among the usufructuaries. La.Civ. Code art. 541. The naked ownership may be partitioned subject to the rights of the usufructuary. La.Civ.Code art. 542. La. Civ.Code art. 543 provides:
A coowner whether or not he is also a usufructuary of an undivided part of a thing may demand its partition in kind to the extent necessary to enable him to obtain the perfect ownership of a determined part. Partition by licitation is not allowed even though there is a person who is both a usufructuary and an owner. [Emphasis added.]
In the instant case, the property in question (68 parcels) is owned in indivision by four parties: (1) Mr. Pasternack has an interest in full ownership; (2) Mrs. Samuels has an interest in full ownership and an interest in usufruct; (3) the trust for Mr. Pasternack's son has an interest in full ownership; and (4) the trust for Mrs. Samuels' children has an interest in naked ownership. Thus, Mr. Pasternack, as a co-owner, could demand partition in kind to the extent necessary to obtain the perfect ownership of a determined part. La.Civ.Code art. 543. The property sought to be partitioned includes both improved and unimproved lots, ranging from residential to commercial. There is also some agricultural acreage. The only evidence presented at trial was the testimony of Mr. Pasternack and James A. McNew, both experts in real estate. Mr. Pasternack stated that none of the property could be divided in kind without diminution in value or inconvenience of one of the owners. Mr. McNew agreed except as to possibly two tracts. Mr. Pasternack opined that the two tracts could not be divided in kind without a diminution in value. The court of appeal concluded, and we agree, that none of the property, including the two parcels, could be partitioned in kind. The parties do not contest this conclusion.
Although art. 543 allows a full owner to partition in kind subject to a usufruct, by its clear wording, "partition by licitation is not allowed." It is evident from the language of the article that the prohibition refers to property subject to usufruct and applies to the full owner as well.[4] Hence, the court of appeal correctly found that Mr. Pasternack, as full owner of an undivided interest in the property, subject to the usufruct of Mrs. Samuels, was prohibited by art. 543 from partitioning the property by *214 licitation. Any change in the article addresses itself to the legislature.[5]
As a further contention, Mr. Pasternack raises the issue of the constitutionality of art. 543. He first argues that art. 543 deprives him of his right to dispose of his property. This argument is without merit, however, since Mr. Pasternack has the unlimited right to sell his undivided interest in the property to any willing purchaser. Mr. Pasternack further argues that art. 543 denies him equal protection of the laws. He contends that if Mrs. Samuels renounces her usufruct, she could sue for partition by licitation. In that event, Mr. Pasternack could also sue for partition by licitation since there would be no outstanding usufruct. Hence, Mr. Pasternack is treated like all others similarly situated. Accordingly, this contention is without merit.

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed.
DIXON, C. J., concurs with reasons.
CALOGERO, J., dissents and assigns reasons.
LEMMON, J., dissents.
DIXON, Chief Justice (concurring).
I respectfully concur, agreeing with the opinion because relator limits his demands to a partition by licitation.
CALOGERO, Justice, dissenting.
The majority finds this case distinguishable from Devillier v. Devillier, 371 So.2d 1230 (La.App. 3rd. Cir. 1979), writs refused, 373 So.2d 546 (La.1979). In my opinion the cases are not distinguishable and the result in Devillier, whereby the partition by licitation was allowed, was correct. It was for this reason, in my view, that we denied writs in that case.
In Devillier, as in the present case, the person seeking the partition by licitation was a perfect owner of an undivided interest in the property. It was only another co-owner's interest that was burdened by a usufruct. The Devillier court noted that one who holds a perfect ownership interest in property in indivision has common ownership elements (i.e., rights of the same nature over the same object) with all others who hold an interest in the property, naked owners as well as usufructuaries, since perfect ownership is the combination of a usufruct interest and a naked ownership interest in the same person. Therefore, since plaintiff's perfect ownership interest gave her common elements with all the others who had an interest in the property, the court held that plaintiff was entitled to the partition by licitation. La.C.C. arts. 541 & 542.
The same result should obtain here, where it is a perfect owner seeking the partition by licitation. La.C.C. art. 543 should not be read as prohibiting a partition by licitation in such a case, as the majority herein concludes, because the provision was only intended to apply to situations where the person seeking the partition by licitation does not hold common elements with all others who have an interest in the property.
La.C.C. art. 543 is at best ambiguous. When we look to the underlying jurisprudence on which the article was based in order to flesh out its meaning, we find that the concern of the redactors in enacting the provision was to prohibit partition by licitation of property subject to a usufruct only where the party seeking the partition does not hold rights of the same nature in the same object, common elements, with all others who hold an interest in the property. Smith v. Nelson, 121 La. 170, 46 So. 200 (1908); Succession of Glancey, 112 La. 430, 36 So. 483 (1904); Fricke v. Stafford, 159 So.2d 52 (La.App. 1st Cir. 1963). The policy behind such a prohibition is the belief that *215 one with certain interests in property should not be able to affect the interest of others where those interests are not the same. See La.C.C. art. 543, Comments; and La.Civil Law Treatise, Personal Servitudes, Vol. 3, § 8, A. Yiannopoulos, 1978. Thus, under La.C.C. art. 543, a usufructuary or naked owner cannot affect the interests of the other, nor can either force a full owner to dismember his title by obtaining a partition by licitation.
The policies contained in the cases upon which La.C.C. art. 543, as revised, is based have no application when it is a perfect owner who is seeking the partition by licitation. See Civil Law PropertyPartition of Land Subject to a Usufruct, by Charles A. Snyder, 24 La.L.Rev. 885 (1964). Therefore, one holding elements in common with all of his co-proprietors should not be precluded from seeking a partition by licitation, as such a result was not intended by La.C.C. art. 543. To hold otherwise, as does the majority, is to allow one to create a usufruct over a fractional share of property held in indivision to defeat a partition by licitation of the property by a perfect owner who originally obtained his perfect interest in the property when it was free of any usufruct.
In the excellent commentary, Civil Law PropertyCivil Code Article 543 and the Prohibition of Partition by Licitation of Property Subject to Usufruct by B. J. Pistillo, Jr., [55 Tul.L.Rev. 224 (1980), cited in Footnote 5 of the majority opinion] the author suggests a legislative amendment to La.C.C. art. 543 that would more clearly express its intended application only to situations in which forced dismemberment would result:
One who holds no interest in perfect ownership may not obtain partition by licitation even though there is another person who holds interests in both perfect ownership and usufruct or naked ownership.
The author notes that "[w]ith such a provision in the Code, a perfect owner would never be defeated in his attempt to force partition by licitation; and he likewise could never be forced to submit to partition by licitation unless required to do so by another perfect owner in indivision." The suggested clarification, in my view, represents the proper interpretation and intent of Article 543 as presently written.
For the above reasons, I dissent.
NOTES
[1] Contrary to this finding, it appears from the record that the ownership of 68 of the parcels of land is as follows: (1) Fifty-five parcels are owned ¼ each by Mr. Pasternack, Mrs. Samuels, the trust for Mr. Pasternack's son, and the trust for Mrs. Samuels' children; (2) Nine parcels are owned 5/8 by Mr. Pasternack, and 1/8 each by Mrs. Samuels, the trust for Mr. Pasternack's son and the trust for Mrs. Samuels' children; (3) Two parcels are owned 9/28 each by Mr. Pasternack and Mrs. Samuels, and 5/28 each by the trust for Mr. Pasternack's son and the trust for Mrs. Samuels' children; and (4) Two parcels are owned 2/7 each by Mr. Pasternack and Mrs. Samuels and 3/14 each by the trust for Mr. Pasternack's son and the trust for Mrs. Samuels' children. In each case, the ownership interest of the Samuels' children is subject to the usufruct of Mrs. Samuels. The remaining two parcels of land are owned in indivision by Mr. Pasternack and Mrs. Samuels.
[2] 406 So.2d 290 (La.App.3d Cir. 1980).
[3] 411 So.2d 453 (La.1982).
[4] In the recent case of Devillier v. Devillier, 371 So.2d 1230 (La.App.3d Cir.), writ refused, 373 So.2d 546 (La.1979), the court of appeal ignored the literal wording of art. 543 and allowed partition by licitation of property subject to usufruct. In Devillier, plaintiff and her three siblings were owners in indivision of a tract of land and the house situated on it. Plaintiff's siblings granted their father a conventional usufruct over their undivided interests in the property. Plaintiff, owner of one-quarter of the property in indivision, sued her siblings and father for partition by licitation. The court, in granting the remedy sought, narrowly framed the issue as "whether a co-owner can burden his interest with a conventional usufruct in favor of a third person and thereby extinguish the rights of another co-owner to obtain a partition by licitation." The situation in Devillier is not presented in the instant case.
[5] For an excellent commentary on the problems created by the last sentence of art. 543 and a suggested legislative amendment to said article, see Civil Law PropertyCivil Code Article 543 and the Prohibition of Partition by Licitation of Property Subject to Usufruct by B. J. Pistillo, Jr., 55 Tul.L.Rev. 224 (1980).