WARD, Judge.
This is an appeal from a judgment sustaining an exception of no cause of action in a suit to partition immovable property by licitation. The Trial Court held that Louisiana Civil Code Article 543, as it read in 1978, prohibited an owner of an undivided interest in full ownership from seeking partition by licitation where the property is subject to a usufruct. We reverse, because we find no statutory prohibition against the cause of action, but more importantly, because we believe that the rights of full ownership are meaningless without the remedy of partition.
Robert Cahn filed this suit to partition property consisting of a residence on two lots in the City of New Orleans. He named as defendants his sister, Marjorie Cahn Friedman, and his father’s widowed second wife, Dorothea Schlesinger Cahn, who resides in the house. All parties agree that the land and its improvements cannot be partitioned except by licitation, that is, by judicial sale.
The property was originally acquired as community property of Moise S. Cahn and his first wife, the parents of Robert and Marjorie Cahn. When the first Mrs..Cahn died, her one-half interest in the home was inherited by her children, Robert and Marjorie, subject to a usufruct in favor of Moise Cahn. Moise Cahn remarried and lived in the house for twenty years with his second wife, Dorothea. When Moise Cahn died in February of 1978, his usufruct over the property which belonged to his first wife terminated. He bequeathed all of his property, including his undivided one-half interest in the house, to his children as naked owners with a life usufruct to his widow. Hence, Robert and Marjorie each now own an undivided one-fourth in naked ownership, bequeathed by their father, as well as the undivided one-fourth in full ownership inherited from their mother. Dorothea Cahn has a usufruct for life over an undivided one-half of the property.
Robert Cahn originally filed suit in 1982 requesting only partition of the property by licitation, but later amended his petition to include alternative claims for rent or for possession of the one-fourth interest he holds in full ownership, or upon denial of all his other claims, for a declaratory judgment setting forth the rights and obligations of the parties. The Trial Judge denied these alternative claims along with the claim for partition.
Although her interests in the property are identical to those of her brother Robert, Marjorie Cahn Friedman did not join in his petition but answered the suit asking that the judgment of the Trial Court be “equally applicable” to her. Although a defendant, she did not join in Mrs. Cahn’s exception of no cause of action which was sustained by the Trial Court, and Marjorie Cahn Friedman is not a party to this appeal.
Th'e-sole issue we decide is whether one who holds an undivided fractional interest in property in full ownership has the right to seek partition by licitation even though there is a person who holds a usufruct over another undivided interest in the property.
*733 In deciding that Robert Cahn had no cause of action for partition because of the existence of his stepmother’s usufruct, the Trial Judge relied upon Civil Code Article 543 as it was written at the time Dorothea Cahn’s usufruct was created and when Robert Cahn filed suit:
A coowner whether or not he is also a usufructuary of an undivided part of a thing may demand its partition in kind to the extent necessary to enable him to obtain the perfect ownership of a determined part. Partition by licitation is not allowed even though there is a person who is both a usufructuary and an owner.
The Trial Judge applied the interpretation of Article 543 from Pasternack v. Samuels, 415 So.2d 211 (La.1982) to preclude Robert Cahn’s action, finding that the prohibition in the second sentence of the article “protects the usufructuary in her continued and uninterrupted enjoyment of the usufruct.” Although a 1983 amendment to Article 543 expressly allows an action for partition in this case, the Trial Judge declined to apply the amended article. He found that Dorothea Cahn’s right “to reside in the [home] under her usufruct is a vested right from which she cannot be divested by the vehicle of partition by licitation.”
We believe the Trial Judge was incorrect when he characterized Dorothea Cahn’s interest in the property as a vested right to live in the house. We do not believe Dorothea Cahn has a vested right to reside in the property; she has a testamentary usufruct for life over one-half the property. ' Partitioning the property by lici-tation will not divest Dorothea Cahn’s enjoyment of her usufruct; the usufruct will attach to the proceeds of the sale. La.C.C. art. 616.
We reverse the decision of the Trial Court because we believe Article 543, as it existed before 1983, does not prohibit all claims by a full owner for partition by licitation. We distinguish Pasternack because the parties’ ownership interests in that case were different from those in the Cahn property. Joseph Pasternack, Jr.’s co-owner in indivisión, Mrs. Samuels, from whom he sought partition, owned fractional interests in the property in full ownership in addition to interests in usufruct. Pasternack, 415 So.2d at 212 n. 1 and 213. Thus, Mrs. Samuels was precisely the person described in the second sentence of Article 543, “both a usufructuary and an owner.” In the present case, Dorothea Cahn is not both a usufructuary and an owner; her only interest in the property is a usufruct. There is no one who is both a usufructuary and a perfect owner of the Cahn property. Therefore, because of this critical factual distinction, we hold the rule in Pasternack inapplicable to the issue before us.
Rather than extending the application of Pasternack beyond its factual basis, the proper civilian judicial method is to refer to the text of the Code itself. The language of Article 543 did not expressly prohibit partition by licitation where there is a person, such as Mrs. Cahn, who holds only an interest in usufruct. Paragraph (b) of the official Comments to Article 543, as enacted in 1976, explains that the second sentence of 543 restates the rule established by Smith v. Nelson, 121 La. 170, 46 So. 200 (1908), Succession of Glancey, 112 La. 430, 36 So. 483 (1904) and Fricke v. Stafford, 159 So.2d 52 (La.App. 1st Cir.1963), a line of cases in which the plaintiffs were naked owners, not holders of interests in full ownership. Therefore, the rule established by these cases and codified by Article 543 does not prohibit an action for partition by the holder of an interest in full ownership.
A further examination of the text of the Code yields no provision barring Robert Cahn’s cause of action. On the contrary, Article 1289 provides:
No one can be compelled to hold property with another, unless the contrary has been agreed upon; any one has a right to demand the division of a thing held in common, by the action of partition.
And Article 1308:
The action of partition will not only lie between co-heirs and co-legatees, but be *734 tween all persons who hold property in common, from whatever cause they may hold in common.
Therefore, we hold that one who holds an interest in property in full ownership may demand partition, including partition by licitation, where necessary to allow unqualified enjoyment of the absolute rights of full ownership. Accordingly, the judgment of the Trial Court sustaining Dorothea Cahn’s exception of no cause of action is reversed, and this case is remanded to permit Robert Cahn to bring an action for partition by licitation. Costs of this appeal are to be paid by the parties jointly.
Reversed and Remanded.