FORET, Judge.
This is a suit for partition of immovable property by licitation. The parties and facts involved are the same as in Pasternack v. Samuels, 415 So.2d 211 (La.1982). Since the 1982 decision by the Louisiana Supreme Court, the Louisiana Legislature amended La.C.C. Art. 543. Plaintiff now says that the amendment of Art. 543 by Act 535 of 1983 had the effect of overruling Pasternack.
So, the issue in this case is whether the 1983 revision of C.C. Art. 543 was curative, remedial, or procedual in nature, such as to render it applicable to cases and/or property rights arising before the effective date of the revision. Prior to the 1983 amendment, Art. 543 provided as follows:
“Art. 543. Divisibility of the property in kind
A coowner whether or not he is also a usufructuary of an undivided part of a thing may demand its partition in kind to the extent necessary to enable him to obtain the perfect ownership of a determined part. Partition by licitation is not allowed even though there is a person who is both a usufructuary and an owner.”
Subsequent to and as a result of Act 535, Art. 543 now provides as follows:
“Art. 543. Partition of the property in kind or by licitation
When property is held in indivisión, a person having a share in full ownership may demand partition of the property in kind or by licitation, even though there may be other shares in naked ownership and usufruct.
*306 A person having a share in naked ownership only or in usufruct only does not have this right, unless a naked owner of an undivided share and a usufructuary of that share jointly demand partition in kind or by licitation, in which event their combined shares shall be deemed to constitute a share in full ownership.
Amended by Acts 1983, No. 535, § 1.”
Since the parties involved in this lawsuit acquired their various ownerships and/or real property rights, etc. in 1979, it is obvious that the issue herein is whether Act 535, amending Art. 543, should be given retroactive application. This issue was specifically considered, discussed, and decided by the Louisiana Supreme Court in Cahn v. Cahn, 468 So.2d 1176 (La.1985). The Supreme Court held that the amendment to C.C. Art. 543 was not applicable retroactively. That decision is dispositive of the issue in this case.
For the foregoing reason, the judgment of the trial court, which held that C.C. Art. 543, as amended, should be applied prospectively only, and dismissed plaintiffs petition, is affirmed, at appellant’s costs.
AFFIRMED.