GULOTTA, Judge.
This is an appeal from a judgment in favor of a succession for unpaid rent on succession immovable property owed by a co-heir and her husband from a commercial business which operates from the succession property.[1] We affirm.
BACKGROUND AND FACTS
In 1971, Norbert Frank Christophe and his wife Sadie Saizon Christophe donated by authentic act their business, C & C Cleaners, in equal shares to their five children. The donation did not include, how *531 ever, immovable property occupied by the business, at 2225 Dryades Street in New Orleans.
Defendants, Shirley Christophe Lotten, one of the donees, and her husband Herbert Lotten, took over the operation of C & C Cleaners after the retirement of Mrs. Lotten’s father, Norbert Frank Christophe in 1972. Rent was paid by the Lottens to the father from the date of his retirement until his death in 1979. The Lottens then commenced paying rent to Christophe’s widow, Mrs. Sadie Saizon Christophe until her death in 1981. Defendants thereafter made several rental payments to Julie De-cuir Christophe Brown, Mrs. Lotten’s sister, who at the time of the rental payments, was not a succession representative.
Two of the five children, Mrs. Audrey Christophe Davidson and Mrs. Geraldine Christophe Williams, qualified as co-administrators of their parents’ succession. Listed as assets in the Succession was a house at 1952 Benefit Street in New Orleans and commercial property located at 2225 Dryades Street, the location of C & C Cleaners.
In 1983, Audrey Christophe Davidson and Geraldine Christophe Williams, filed suit to partition C & C Cleaners. In their capacity as representatives of the Succession they also filed a second suit on behalf of the Succession for unpaid rent owed by C & C Cleaners. In this suit, plaintiffs asked that defendants Shirley and Herbert Lotten, be ordered to pay the “fair market rental value” of the property from the “date of the respective deaths of Sadie Saizon Christophe and Norbert Frank Christophe to date”. They also asked that defendants be ordered to vacate the premises.
The trial judge dismissed defendants’ exceptions of no cause of action and lis pen-dens and rendered a judgment in favor of the Succession for rentals in the amount of $575.00 per month commencing August 1, 1981, the date of Sadie Christophe’s death, subject to certain credits. Defendants appeal.

Exception of no Cause of Action

Relying on Juneau v. Laborde, 228 La. 410, 82 So.2d 693 (1955) and Cahn v. Cahn, 468 So.2d 1176 (La.1985), defendants contend that plaintiffs as co-owners do not have a cause of action for rent against a co-heir. We do not agree. The instant case does not involve a suit by one co-heir or co-owner against another co-owner. Our case involves a suit by the Succession, through its representatives, for unpaid rent owed to the Succession.
A succession is a distinct legal entity until terminated by proceedings held pursuant to administration by an administrator or executor, or its unqualified acceptance by all heirs concerned. See Danos v. Waterford Oil Company, 225 So.2d 708 (La.App. 1st Cir.1969), writ denied 254 La. 856, 227 So.2d 595 (1969). The succession has the right to collect rent from a co-heir in possession of succession property. See Succession of Menendez, 160 So.2d 827 (La.App. 4th Cir.1964); Succession of Wood, 186 La. 181, 171 So. 843 (1937). The proper party to enforce the succession right while the succession is under administration is the succession representative appointed by the court. See C.C.P. Art. 685. A succession representative is a fiduciary with respect to the succession, and is bound to act at all times as a prudent administrator. The succession representative has the duty of collecting, preserving, and managing the property of the succession in accordance with law. See LSA-C.C.P. Art. 3191. Furthermore, a succession representative is deemed to have possession of all property of the succession and must enforce all obligations in its favor. See LSA-C.C.P. Art. 3211.
Considering that this suit for rent was properly brought on behalf of the Succession by its representatives, to enforce collection of a valid debt owed the Succession, we conclude that the petition states a cause of action.

Exception of Lis Pendens

In support of this exception, defendants contend that since plaintiffs are co- *532 owners of the succession property, their remedy is. not a suit for unpaid rent but one for partition, which has already been filed. We disagree.
LSA-C.C.P. Art. 531 provides in pertinent part:
“When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed....”
In the instant case, the suit for unpaid rent was brought by Mrs. Davidson and Mrs. Williams acting in their capacity as succession representatives on behalf of the Succession. In the partition suit, the same plaintiffs, acting in their individual capacity as co-owners, seek partition of the dry cleaning business. Since these are two different causes of action brought by the same parties acting in different capacities, for different objects, we find that the exception of lis pendens is not applicable.
Although contending that there exist no requirements for payment of rent on the succession property, defendants alternatively contend that if indeed rent is owed, the Succession is entitled only to rent from the date of filing of the suit (March 31, 1983) and not from August 1, 1981, the date of the death of the decedent. In this regard defendants rely again on Juneau v. Laborde, supra and Cahn v. Cahn, supra. Defendants further contend that plaintiffs’ entitlement to rent is limited to a three year arrearage under LSA-C.C. 3494 and that the proper rental amount is $450.00 per month and not the $575.00 rental as ordered by the trial judge.
Having concluded that the Succession, through its representative, is the proper party to seek rent against a co-heir who occupies succession property, we are confronted with defendants’ first alternative contention concerning the date from which rent commences. Although we recognize the Supreme Court in Juneau stated that a co-owner’s recourse against another co-owner is not a demand for rent but one for damages and that those damages are due from the date of demand, nonetheless, that case is distinguishable from the instant one. As earlier pointed out, we are not here concerned with a suit between co-owners. Our suit is for rent by a succession representative against a co-heir occupier of succession property. Cahn likewise is distinguishable in that it concerned an owner seeking a partition against a party who enjoyed a usufruct over an undivided interest in the property.
Considering the posture of the instant case, we do not conclude that Juneau and Cahn are authority for holding that a succession can collect rent only from the date that the suit has been filed. Defendants have occupied the premises from the date of decedent’s death and have not paid rent to the Succession during the time of that occupancy. The Succession is clearly entitled to rent for the period of occupancy dating back to the date of death of the decedent, Mrs. Sadie Saizon Christophe.
We further reject defendants’ alternative contention that plaintiffs’ entitlement to rent is limited to a three year arrearage under LSA-C.C. 3494. We have no quarrel with the prescriptive period, however, it is not applicable in the instant case. This suit was timely filed on March 31, 1983, well within the three year prescriptive period which commenced on August 1, 1981, the date of Mrs. Christophe’s death.
Finally we turn to the contested rental amount. Herbert Lotten testified that in his opinion the $400.00 monthly rental was a fair rent for the premises. However, defendants’ own expert testified that the range of $500.00 to $650.00 per month was a fair rental. Another of defendants’ experts testified that $400.00 was a reasonable rent. Based on credibility, we cannot say that the trial judge erred in setting a monthly rental rate of $575.00.
Accordingly, the judgment affirmed.
AFFIRMED.

. The instant suit is a consolidation of the succession proceedings and the succession representatives’ claim for rents. For our recent decision in a separate suit for a partition and accounting of the commercial business, see Davidson v. Lotten, 482 So.2d 169 (La.App. 4th Cir. 1986).