BYRNES, Judge.
Milton Wilkinson appeals the trial court’s dismissal of his suit against Plaquemines Parish Commission Council, (hereinafter referred to as the “Parish”) for compensation for maintenance and storage fees based on a claim of unjust enrichment.
The record reflects that plaintiff repaired trucks and school buses for the Parish in Empire, Louisiana for approximately 19 years beginning in 1966 and ending early in 1985. Parish equipment, including vehicles, gas tanks, cylinders, beams and tires, which Wilkinson used in his repair work were placed “in stock” on his property. Wilkinson billed the Parish for mechanical services on a per job basis. Defendant made payment on all invoices, amounting to approximately $660,810.72 over a 19 year period. Plaintiff did not bill the Parish for storage and maintenance until after the Parish removed the bulk of its equipment on January 11, 1985. On February 28, 1985, plaintiff made demand on defendant for $500.00 for storage and $100.00 for maintenance of the Parish equipment, totalling $600 a month for each month of the 19 year period. The Parish refused to pay.
On January 9, 1986, Wilkinson sued the Parish for the sum of $136,000, plus interests and costs. Plaintiff contended that pursuant to an oral agreement with the now deceased Judge Leander Perez on behalf of the Plaquemines Parish Council (then known as the Plaquemines Police Jury), the Parish was to compensate him for storage and maintenance in addition to his performance of repair work. Alternatively, he argued that the Parish was unjustly enriched.
*1223 Defendant filed an exception of prescription. On the motion the trial judge ruled in favor of the Parish, thereby maintaining the exception of prescription of three years under La.C.C. Art. 3494, and dismissing petitioner’s demand. On appeal this Court affirmed that judgment.
Thereafter, plaintiff reasserted his alternative plea of unjust enrichment. Upon trial on the merits the trial court ruled that plaintiff failed to prove his impoverishment at the enrichment of the Parish and dismissed plaintiff’s claim. The issue on appeal is whether there is manifest error in the trial court’s ruling that plaintiff failed to prove the requirements necessary to sustain a claim of unjust enrichment. Plaintiff must show: (1) an enrichment; (2) an impoverishment; (3) a rational connection between the enrichment and the impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) the absence of another legal remedy. Cahn v. Cahn, 468 So.2d 1176 (La.1985); Bazile v. Arnaud Coffee Co., 465 So.2d 111 (La.App. 4th Cir.1985), writ denied, 468 So.2d 1212 (La.1985).
Wilkinson claims that the Parish Council was enriched by depositing its equipment on his property without payment of storage and maintenance. Plaintiff avers that he was impoverished because he was unable to rent his property to others. Wilkinson stated that in 1968 he had the opportunity to rent to an oyster shucking business for $1500 a month. Additionally, plaintiff testified that potential tenants could have rented his two apartments at the rate of $350.00 a month each. Wilkinson also said that he paid insurance on his buildings and their contents, including Parish equipment. At trial, Wilkinson admitted that the Council would not have engaged in business with him unless the parts were stored where the repair work took place. Wilkinson testified that the defendant kept him busy—“too busy”. (Trial tr. p. 32).
Wilkinson had the advantage of engaging in business with a client who provided continuous employment for a long period of time because of the storage arrangement. Wilkinson and the Parish mutually benefit-ted from storing the equipment at the site of the repair business. Therefore, there was no impoverishment or enrichment but an equal advantage for both parties. Any mutual benefit was justified. Plaintiff failed to prove a claim of unjust enrichment. We find no manifest error in the trial court’s judgment as trier of fact. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
For the foregoing reasons, we affirm the dismissal of plaintiff’s claim at his costs.
AFFIRMED.